```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

| | | |
|---|---|---|
| CHRISTINE HOLMES, | : | |
| | : | |
| Plaintiff, | : | NO: 1:13-CV-00441 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| MERCY HEALTH PARTNERS | : | |
| SOUTHWEST OHIO, DBA JEWISH | : | |
| HOSPITAL, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Partial Motion to Dismiss and For Judgment on the Pleadings (doc. 15), and Plaintiff's Response and in the Alternative Motion to Amend the Complaint (doc. 18). For the reasons indicated herein, the Court GRANTS Defendants' Motion.

**I. Background**

Plaintiff is an African-American nurse who worked for Defendants for 39 years (doc. 1). In her Complaint, she alleges she was treated differently than similarly-situated younger, Caucasion, and male employees, and ultimately terminated (Id.). Although Defendant indicated the termination was for Plaintiff having improperly left medication at a patient's bedside, Plaintiff contends other employees were not terminated for having done so (Id.). She brings claims for federal and state law race discrimination, age discrimination, and gender discrimination (Id). In Count III of her Complaint she alleges "punitive damages" as a

cause of action, and in Count IV she alleges an Employment Retirement Income Security Act ("ERISA") benefits violation (Id.). These latter counts, III and IV, are those that Defendant moves the Court to dismiss in the instant motion.

**II. Motion to Dismiss Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (20027). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone,

2

*Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint…must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller &

3

Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

Defendant moves the Court to dismiss Count III for punitive damages, contending such damages are a remedy and not a cause of action (doc. 15).  Plaintiff agrees to the extent that punitive damages are not an independent claim, but does not abandon her right to seek such damages in relation to her discrimination claims (doc. 18).  The Court finds well-taken the position of both parties: the question of punitive damages is not a cause of action to be independently pleaded, but rather is a determination to be made in a damages calculation if and when liability is determined. Punitive damages could be available to Plaintiff should she ultimately be able to demonstrate intentional discrimination as to her race and gender claims.

Defendant similarly moves to dismiss Count IV of the

4

Complaint for an alleged ERISA benefits violation, contending that as a religious organization it is exempt under 29 U.S.C. § 1003(b)(2) (doc. 15). Plaintiff does not contest Defendant's position regarding the ERISA claim. The Court finds Defendant's position well-taken, and agrees that Count IV is not actionable in this matter.

Finally, in her Response, Plaintiff requests, in the Alternative, leave to Amend her Complaint "should the Court determine that additional allegations are necessary" to support her discrimination claims (doc. 18). Defendant filed no Reply in objection to the proposed amendment. The Court finds that absent any Reply on the part of Defendant and the fact that Defendant has already scrutinized the Complaint that it appears Defendant has conceded Plaintiff's allegations of discrimination pass muster. The Court further finds plausible Plaintiff's allegations that she was treated differently than younger, Caucasion, and/or male employees such that her Complaint would, in any event, withstand a challenge based on Fed. R. Civ. P. 12(b)(6).

**IV. CONCLUSION**

Having reviewed this matter, the Court finds well-taken Defendant's Partial Motion to Dismiss such that it GRANTS such motion (doc. 15) and DISMISSES Counts III and IV from the Complaint as not actionable. The Court's grant of such motion does not preclude Plaintiff from seeking punitive damages, should liability be determined, and should the requisite showing of intentional

5

discrimination be established.

Finally the Court DENIES AS MOOT Plaintiff's alternative unopposed Motion to Amend her Complaint (doc. 18), as her remaining claims for discrimination are plausible and adequate to give Defendants notice of the claims that they are defending.

SO ORDERED.


Dated: February 21, 2014          s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge